JACKSON LEWIS LLP
Paul Trimmer
Email: trimmerp@jacksonlewis.com
Nevada Bar # 9291
3960 Howard Hughes Parkway, Suite 450
Las Vegas, NV 89169
Phone: 702.921.2460
Fax: 702.921.2461

René E. Thorne (admitted *pro hac vice*)
Email: thorner@jacksonlewis.com
Louisiana Bar # 22875
Jason M. Stein (admitted *pro hac vice*)
Email: steinj@jacksonlewis.com
Louisiana Bar # 30073
650 Poydras St., Ste. 1900
New Orleans, LA 70130
Phone: 504.208.1755
Fax: 504.208.1759

Ashley Abel (*admitted pro hac vice*)
Email: abela@jacksonlewis.com
South Carolina Bar # 10097
55 Beattie Place, Suite 800
Greenville, SC 29601
Phone: (864) 232-7000
Fax: (864) 235-1381

Attorneys for Defendant
Benefits Administration Corporation

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RETIRED INDEPENDENT GUARDS ASSOCIATION OF NEVADA, ET AL<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES, INDEPENDENT GUARDS ASSOCIATION OF NEVADA-WACKENHUT SERVICES INCORPORATED PENSION TRUST FUND; and<br><br>INDEPENDENT GUARDS ASSOCIATION OF NEVADA, and WACKENHUT SERVICES INCORPORATED,<br><br>Defendants. | Case No.: 2:08-CV-00849-RLH-LRL<br><br>**BENEFIT ADMINISTRATION CORPORATION'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER** |

-1-

**BENEFIT ADMINISTRATION CORPORATION'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**

Defendant, Benefit Administration Corporation ("BAC" or "Defendant"), by and through its undersigned attorneys, Jackson Lewis LLP, Defendant BAC ("Defendant") moves for leave to file the attached Sur-reply in response to Plaintiffs' Reply in Support of its Motion for Protective order. The Sur-reply is necessary because Plaintiff's Reply contains inaccuracies and misstatements of law and fact regarding BAC's Opposition and position. This Motion is made and based on the attached Memorandum of Points and Authorities and any oral argument this Court deems appropriate.

Dated this June 10, 2011.

JACKSON LEWIS LLP

/s/ Jason M. Stein
René Thorne (admitted *pro hac vice*)
Louisiana Bar # 22875
Jason Stein (admitted *pro hac vice*)
Louisiana Bar # 30073
650 Poydras St., Ste. 1900

Paul Trimmer
Nevada Bar # 9291
3960 Howard Hughes Parkway, Suite 450
Las Vegas, NV 89169
New Orleans, LA 70130

Ashley Abel (*admitted pro hac vice*)
South Carolina Bar # 10097
55 Beattie Place, Suite_800
Greenville, SC 29601

Attorneys for Defendant,
Benefits Administration Corporation

**BENEFIT ADMINISTRATION CORPORATION'S SUR-REPLY
IN OPPOSITION TO PLAINTIFFS' REPLY
IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Benefit Administration Corporation ("BAC") submits the following points to address the inaccuracies and defective arguments Plaintiffs have presented in their Reply Memorandum (Doc. No. 145):

- Plaintiffs have not and cannot deny that they failed to request or hold the required Rule 26-7 meet and confer conference, which alone requires denial of their motion.

- Plaintiffs have not and cannot deny that they failed to notify Defendants that Mr. Johns could not host depositions at his office (which BAC identified as the location for Plaintiffs' and their counsels' convenience) before moving for a protective order.

- Plaintiffs have not and cannot deny that they failed to submit a declaration which complies with LR 26-7 which unequivocally states, "**Discovery motions will not be considered** unless a statement of moving counsel is attached thereto certifying that, after personal consultation and **sincere effort** to do so, counsel have been unable to resolve the matter without court action." LR-26-7 (emphasis added). They also failed to submit an affidavit attesting for the need for an emergency decision on their motion for protective order as LR 26-7 requires.

- Plaintiffs have not and cannot deny that still they have failed to submit any evidence to support their conclusory claims of medical and financial inability to attend their depositions in Las Vegas, which the law requires, as demonstrated in BAC's Opposition Memorandum.

- Plaintiffs present blatantly false information when they claim that BAC that did not provide Plaintiffs ample time to create a deposition plan by noticing the depositions on May 16, 2011 without prior notice as demonstrated in BAC's Opposition Memorandum, which BAC requested beginning in March.

- No matter how much effort BAC would have put into trying to reach agreeable dates (which efforts already were more than reasonable), Plaintiffs were never going to voluntarily agree to appear for depositions. The entire history of their actions, including their recent pleadings, demonstrates that they believe BAC is not entitled to take their depositions.

- To the extent that Plaintiffs' counsel claims that BAC did not consider his caseload when setting depositions for two weeks straight, the deposition schedule was a product of Plaintiffs' counsel's refusal to cooperate and his informing BAC during the March 31 teleconference that he was available in June for depositions and Plaintiffs' counsel never raised any issue concerning the two-week block of depositions prior to the motion for protective order.

- Plaintiffs have not addressed the law BAC presented in its Opposition Memorandum which requires actual evidence of hardship for them to meet their burden of proof for their request for a protective order. The fact that Plaintiffs allegedly are on fixed incomes is a nonsensical argument given that they have presented zero evidence to demonstrate the amount of those fixed incomes.

- Plaintiffs have not addressed the law BAC presented in its Opposition Memorandum which states that Plaintiffs are not entitled to provide discovery through means other than their depositions only. BAC Opposition Memorandum demonstrates that it has every right to take depositions of Plaintiffs in Las Vegas even if only to address their credibility in preparation for trial which seems particularly important given counsel's claims that they are easily confused. *Dieng v. Hilton Grand Vacations Co., LLC*, No. 2:10-cv-01723-LDG-PAL (D. Nev. March 1, 2011)(Magistrate Judge Leen explaining the law and denying motion for protective order), attached hereto as Ex. A.

- To the extent that Plaintiffs claim that depositions of the Nevada Plaintiffs should proceed first, this is yet another issue Plaintiffs never raised with BAC as it should have prior to filing their motion for protective order, which could have been resolved, and has zero bearing on the current papers.

- To the extent that Plaintiffs claim that the depositions are intended to harass, it is a mystery that Plaintiffs would take this position given that they: (1) never articulate why BAC should not be entitled to face Plaintiffs first-hand during depositions to assess their credibility; (2) have provided no written discovery responses or documents; and (3) have claimed that over 500 class members did not receive annual funding notices and that BAC should be penalized when the maximum penalty for such failure could reach tens of millions of dollars.[1]

- Plaintiffs' pejorative claims that BAC is "wolfishly steal[ing]" their rights through contrived staggered discovery is utterly baseless. BAC never conspired with the Board to stagger discovery to cause harm or delay and Plaintiff present zero evidence otherwise.

- Plaintiffs misstate the law when they claim that their testimony alone is sufficient for the Court to render judgment for them or even create a genuine issue of material fact to defeat summary judgment which they assert, apparently, as a way to keep this litigation alive. To the contrary, the law requires only that a "plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan, participants, beneficiaries and other specified individuals." *Comm. Workers of America v. Commcast Cable Comm.*, No. 2:05cv950, 2008 U.S. Dist. LEXIS 20334, at *6-14 (W.D. Pa. March 12, 2008) (collecting cases around the country and explaining the standard on motion for summary judgment). Whether Plaintiffs actually received the documents is of no moment, and, even if the individual Plaintiffs testify that they never received the alleged

---

[1] ERISA Section 502(c) and corresponding regulations potentially allow up to $110 per day per participant for a failure to provide annual funding notice assuming Plaintiffs can prove that BAC served as the Plan administrator and the conduct meets the Ninth Circuit's test for a penalty ($110 per day for 577 alleged class members equals $63,470 per day as a maximum potential penalty).

missing documents, that would not save them from summary judgment. *Id*. In fact, courts routinely grant summary judgment, where as Defendants will do here, a defendant submits testimony that it followed a reasonable procedure for providing the documents allegedly not received. *Id*. Here, as Defendants have explained to Plaintiffs, Defendants sent the alleged missing documents to the addresses on file for the same location that Plaintiffs receive their pension checks through first class mail, return receipt requested, which meets the required standard under ERISA. *Id*. Plaintiffs have not presented any evidence that the distribution procedure was insufficient.

- Regardless, Plaintiffs miss the point which is that their failure to provide discovery, take discovery, follow court rules, and act with candor requires dismissal as a sanction the Ninth Circuit Court of Appeals encourages without regarding to the strength or weakness of their claims.

- It is noteworthy that Plaintiffs again failed to follow court rules by filing their Reply Memorandum after the Court-ordered June 9, 2011 deadline without requesting leave to file or explaining the reason for their failure and now have requested oral argument in their reply without following procedural rules for such a request.

- Plaintiffs have submitted no evidence to support their unfounded claim that they requested Defendants' depositions on several occasions. BAC invites Plaintiffs to discuss their need for depositions and from whom and when. BAC also invites Plaintiffs to explain why they believe are entitled to depositions in addition to the written discovery requests (which they failed to serve until after BAC filed its motion for sanctions and are too late) when they claim BAC is not entitled to depositions in addition to written discovery.[2]

- Yet another example of Plaintiffs' disingenuousness is their citation to attorney Stein's e-mail in which he states that the BAC will work in good faith regarding discovery and to reach a revised briefing schedule which Plaintiffs apparently cite to insinuate BAC has failed to do something it promised. (Doc. 145, p. 7). To the contrary, that e-mail relates to the potential need for BAC to receive additional discovery if Plaintiffs present information in their supplemental class certification memorandum which they had not previously raised and does not relate in any manner to the issues before the Court

---

[2] BAC does not concede that Plaintiffs are entitled to responses to their written discovery, which it believes Plaintiffs served too late. However, BAC is willing to discuss Plaintiffs' position concerning whether their discovery requests are incurably tardy which is BAC's current position. If Plaintiffs are entitled to written discovery responses, the question becomes why they should also be entitled to take Defendants depositions, which presumably will cover the same items as the written discovery.

- At the end of the day, Plaintiffs still have not presented any evidence that BAC served as the Plan's administrator as that term is meant under ERISA or that Plaintiffs did not receive the alleged missing documents, much less that there were not sent in a manner reasonably calculated to reach Plaintiffs.

Dated this July 10th, 2011.

                          JACKSON LEWIS LLP

                          /s/ Jason Stein_____
                          Paul Trimmer
                          Nevada Bar # 9291
                          3960 Howard Hughes Parkway, Suite 450
                          Las Vegas, NV 89169

                          René Thorne (admitted *pro hac vice*)
                          Louisiana Bar # 22875
                          Jason Stein (admitted *pro hac vice*)
                          Louisiana Bar # 30073
                          650 Poydras St., Ste. 1900
                          New Orleans, LA  70130

                          Ashley Abel (*admitted pro hac vice*)
                          South Carolina Bar # 10097
                          55 Beattie Place, Suite_800
                          Greenville, SC 29601

                          Attorneys for Defendant,
                          Benefits Administration Corporation

IT IS SO ORDERED.

/s/ Leavitt

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____6-30-11_____

JACKSON LEWIS LLP
LAS VEGAS

-6-

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that the service of the foregoing **MOTION FOR LEAVE TO FILE SUR-REPLY** was made this date by depositing a true copy of the same for mailing, at Las Vegas, Nevada, addressed to:

| | |
|---|---|
| Athan T. Tsimpedes<br>Law Offices of Athan T. Tsimpedes<br>1420 New York Ave., NW, 7th Floor<br>Washington, DC 20005<br>Phone: 202-638-2100<br>Fax: 202-449-3499<br>Email: atsimpedes@comcast.net<br><br>Larry C. Johns<br>Law Office of Larry C. Johns<br>3017 W. Charleston Blvd., #30<br>Las Vegas, Nevada 89102<br>Phone: 702-387-5003<br>Fax: 702-387-5018<br>Email: lcjohns100@embarqmail.com<br><br>*Attorneys for Plaintiffs,*<br>*and all other individuals similarly situated* | Elizabeth Rosenfeld<br>Jeffrey L. Cutler<br>Wohlner Kaplon Phillips Young & Cutler<br>15456 Ventura Blvd., Suite 500<br>Sherman Oaks, CA 91403<br>Phone: 818-501-8030 ext. 313<br>Fax: 818-501-5306<br>Email: rosenfield@wkpyc.com<br>Email: jcutler@wkpyc.com<br><br>David Amesbury<br>Amesbury Schutt & Herr<br>703 S. Eighth Street<br>Las Vegas, Nevada 89101<br>Phone: 702-385-5570<br>Fax: 702-385-4234<br>Email: David@amesbury-schutt.com<br><br>*Attorneys for Defendant,*<br>*Independent Guards of Nevada, Local No. 1* |
| Scott M. Mahoney<br>Mark J. Ricciardi<br>Fisher & Phillips LLP<br>3800 Howard Hughes Parkway, Suite 950<br>Las Vegas, Nevada 89169<br>Phone: 702-252-3131<br>Fax: 702-252-7411<br>Email: dclark@laborlawyers.com<br>Email: smahoney@laborlawyers.com<br>Email: mricciardi@laborlawyers.com<br><br>*Attorneys for Independent Guards Association*<br>*of Nevada-Wackenhut Services Incorporated*<br>*Pension Trust Fund* | Andrew S. Brignone<br>Adam P. Segal<br>Brownstein Hyatt Farber Schreck, LLP<br>100 City Parkway, Suite 1600<br>Las Vegas, Nevada 89106<br>Phone: 702-382-2101<br>Fax: 702-382-8135<br>Email: abrignone@bhfs.com<br>Email: asegal@bhfs.com<br><br>*Attorneys for*<br>*Wackenhut Services Incorporated* |

Dated this 10th day of June, 2011.

/s/ Rae Christakos
An employee of JACKSON LEWIS LLP

JACKSON LEWIS LLP
LAS VEGAS