## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RETIRED INDEPENDENT GUARDS ASSOCIATION OF NEVADA, *et al.*, | Case No.: 2:08-cv-00849-RLH-LRL |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion for Class Certification–#136) |
| BOARD OF TRUSTEES, INDEPENDENT GUARDS ASSOCIATION OF NEVADA-WACKENHUT SERVICES INCORPORATED PENSION TRUST FUND, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs Retired Independent Guards Association of Nevada's **Motion for Class Certification** (#136, filed Dec. 15, 2010). The Court has also considered Plaintiffs' Supplement to its Motion for Class Certification (#158, filed July 30, 2011). Defendants did not file an opposition.

### BACKGROUND

Plaintiffs are members of an unincorporated association known as the Retired Independent Guards Association of Nevada and are also beneficiaries under the Wackenhut Services Incorporated-IGAN Pension Plan and Trust (the "Plan"). This case arises out of

Plaintiffs' allegations that Defendants Benefit Association Corporation ("BAC") and Board of Trustees, the alleged administrators of the Plan, violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1021, by failing to send out annual funding notices to Plaintiffs and furnish them with summary plan descriptions ("SPDs"). The Court directs the reader to its previous orders (## 43, 97) for the factual background of this case. Plaintiffs have now filed a motion for class certification which, for the reasons discussed below, the Court grants.

## DISCUSSION

### I. Class Certification Legal Standard

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class action may be maintained if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Once the Court determines that plaintiffs have satisfied Rule 23(a)'s prerequisites, it must ascertain whether plaintiffs' action is maintainable as a class action under at least one of the three subsections of Rule 23(b).

### II. Analysis

The Court finds that Plaintiffs have met Rule 23(a)'s prerequisites. The putative class consists of approximately 577 retirees who reside throughout the United States. Joinder of such a large number of Plaintiffs would be impracticable. In addition, there are questions of law and fact common to the class and Plaintiffs' claims are typical of those of the other class members. Whether BAC and the Board of Trustees failed to provide notice and furnish the SPD's as ERISA requires is the central question all class members seek to resolve in this litigation. Thus, all class members' claims arise out of the same alleged misconduct. Finally, the class representatives would fairly and adequately protect the interests of the class because, as just stated, their claim for damages were caused by the same conduct as those of the class. And there appears to be no

AO 72
(Rev. 8/82)

animosity or conflict between the class representatives and the class. Therefore, the Plaintiffs have satisfied the prerequisites of Rule 23(a).

Furthermore, the Court finds that Plaintiffs' action is maintainable as a class action under at least two of Rule 23(b)'s subsections. First, under Rule 23(b)(1)(A), if each individual class member were to pursue their class claim separately it would create a risk of inconsistent results. In addition, as stated above, the central question raised by all class members is whether BAC and the Board of Trustees failed to provide notice and furnish SPD's to all class members. These alleged ERISA violations are therefore not violations unique to each individual class member, they apply generally to the class and relate to Defendants' duties under the Plan as a whole. Fed. R. Civ. P. 23(b)(2). Accordingly, the Court finds that this action is maintainable as a class action under Rule 23(b).

Therefore, the Court hereby certifies Plaintiffs' action as a class action under Rule 23 and defines the class as follows:

(a) Retirees or beneficiaries of the Plan, and were

(b) Participants in the Plan on or before the July 1, 2002, date and who allegedly did not receive any notice as required by law, and/or SPD, regarding and including any Pension Plan benefits that were increased in the Plan, and/or have not received Pension Plan benefit increases for any and all of the years between 2002 to the present.

Finally, the Court finds that Plaintiffs' proposed class counsel, Athan T. Tsimpedes of the Tsimpedes Law Firm and Larry C. Jones of the Law Office of Larry C. Johns, are adequate. They have adequately handled this action from its inception and, according to Plaintiffs, have prosecuted several complex class actions and other complex litigation in the past. Therefore, the Court appoints them as class counsel in this action.

///

///

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Class Certification (#136) is GRANTED. The class is defined as set forth in this order. The Court also appoints Athan T. Tsimpedes of the Tsimpedes Law Firm and Larry C. Jones of the Law Office of Larry C. Johns as class counsel.

Dated: September 8, 2011

_____
**ROGER L. HUNT**
**United States District Judge**