## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RETIRED INDEPENDENT GUARDS ASSOCIATION OF NEVADA, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES, INDEPENDENT GUARDS ASSOCIATION OF NEVADA-WAKENHUT SERVICES INCORPORATED PENSION TRUST FUND, *et al.*,<br><br>Defendants. | Case No.: 2:08-cv-00849-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#155;<br>Motion for Summary Judgment–#156;<br>Motion to Strike–#172) |

       Before the Court is both Defendant Board of Trustees, Independent Guard Association of Nevada-Wakenhut Services Incorporated Pension Trust Fund's (the "Board") **Motion for Summary Judgment** (#155, filed July 29, 2011) and Defendant Benefit Administration Corporation's ("Benefit Corp") **Motion for Summary Judgment** (#156, filed July 29, 2011). The Court has also considered Plaintiffs' Opposition to both motions (#160, filed Aug. 22), and each Defendants' Reply (##161, 163, filed Aug. 31, Sep. 7).

       Also before the Court is the Board's **Motion to Strike Plaintiff's Supplement to Their Memorandum in Opposition to Defendants' Motions for Summary Judgment** (#172, filed October 10, 2011). Plaintiffs did not file an opposition.

# BACKGROUND

The Court refers the reader to its previous orders (##43, 97) for a factual and procedural background of this case. The only issues remaining in this case are whether the Board and Benefit Corp failed to provide a summary plan description ("SPD") to Plaintiffs within ten years after 1997 and annual funding notices ("AFN") for each year after December 31, 2007, which the Court has identified as Counts II, III, and IV. The Board and Benefit Corp now seek summary judgment on those claims. The Board also asks the Court to strike a supplement Plaintiffs filed for their opposition to Defendants' motions for summary judgment. For the reasons discussed below, the Court grants their motions.

# DISCUSSION

**I.   The Board's Motion to Strike**

   **A.   Legal Standard**

Pursuant to Rule 12(f), a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. As an alternative basis for striking improper filings, a district court has "inherent power over the administration of its business. It has inherent authority . . . to promulgate and enforce rules for the management of litigation . . . ." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

   **B.   Analysis**

On August 22, 2011, Plaintiffs filed their opposition to Defendants' motions for summary judgment. Defendants then filed their replies on August 31. Nearly one month after Defendants filed their replies, Plaintiffs filed a supplement to their opposition, which consists of 31 affidavits from various individual Plaintiffs. Defendants now ask the Court to strike this supplement, which the Court does because (a) it is grossly untimely, (b) Plaintiffs did not seek leave of the Court prior to filing it, as required by Rule 15(d) of the Federal Rules of Civil Procedure, (c) the affidavits contain information to which the affiants could not have personal

knowledge, (d) the affidavits contain information that Plaintiffs withheld during discovery by failing to respond to discovery requests and attend depositions, (e) the affidavits are all identical and appear to have been originally drafted for a Mr. Bean, whose name still appears on some of the affidavits as the affiant, (f) in some of the affidavits someone attests on behalf of the affiant, indicating, rather ridiculously of course, that the person can swear to the personal knowledge of affiant, and (g) none of the affidavits are made pursuant to any oath or affirmation to tell the truth, as required by Rule 603 of the Federal Rules of Evidence. In addition, Plaintiffs have failed to oppose this motion, constituting consent that the motion be granted under Local Rule 7-2(d). For all of these reasons, the Court strikes Plaintiffs' supplement (#171), and it will not be considered for purposes of Defendants' motions for summary judgment, which the Court now addresses.

## II.     Defendants' Motions for Summary Judgment

### A.     Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all

AO 72
(Rev. 8/82)

inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.     Analysis**

    **1.     Summary Plan Description**

The Employee Retirement Income Security Act ("ERISA") requires the administrator of a pension plan to provide each participant and beneficiary under the plan with an SPD every ten years. 29 U.S.C. § 1024(b)(1). Plaintiffs claim that they have not received an SPD since 1997. However, because the evidence before the Court demonstrates that Defendants provided Plaintiffs with an SPD in 2005, Defendants are entitled to judgment as a matter of law.

The Board submitted the sworn declarations of Mary Murphy and Trudy Rocha, trustees of the pension plan at issue here, in which both of them affirm that former Defendant Wackenhut Services, Incorporated mailed an SPD via first class mail to all participants on August

10, 2005. Murphy and Rocha's declarations are corroborated with the minutes from a Board meeting on that same date, in which a Ms. Gustavson reported to the Board that the SPD's had been distributed to all eligible participants. The Board also produced a copy of the SPD itself as well as a list of names and addresses for all plan participants that was used to effectuate the distribution of the SPD. Additionally, Defendants have provided a signed return receipt indicating that William Cleghorn, an Individual Plaintiff who claims to speak on behalf of all other Individual Plaintiffs, received an SPD in 2005.

On the contrary, the only evidence Plaintiffs provide is a sworn affidavit of Mr. Cleghorn, which merely echos the bare-bones allegation made in their complaint, that they have not received an SPD since 1997. However, the evidence provided by Defendants is sufficient under the mailbox rule to raise a rebuttable presumption that the SPD has been received by Plaintiffs. *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961, 964 (9th 2001) ("proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time"). And Plaintiffs bare-bones allegation falls far short of defeating that presumption. Furthermore, Plaintiffs "may not rely on denials in the pleadings" to overcome summary judgment, *Bhan*, 929 F.2d at 1409, and that is all Mr. Cleghorn's affidavit does. Accordingly, the Court finds that Plaintiffs SPD claim fails as a matter of law, as no reasonable jury could find on their behalf.

### 2. Annual Funding Notices

ERISA also requires an administrator of a pension plan to provide participants and beneficiaries with AFNs every year. 29 U.S.C. § 1021(f)(1). Plaintiffs claim that they have never received an AFN. However, because the evidence before the Court demonstrates that Defendants provided Plaintiffs with AFNs in 2008, 2009, and 2010,[1] Defendants are entitled to judgment as a matter of law.

---

[1] The requirement to provide participants and beneficiaries with AFNs did not arise until after December 31, 2007.

1           Defendants provide four sworn declarations in which the persons responsible for
2    the preparation and mailing of the AFNs affirm that AFNs have been distributed to participants
3    and beneficiaries annually, as required.  Alicia Quintanilla and Richard Moore state that they
4    physically stuffed envelopes with AFNs and subsequently placed them in a U.S. Postal Service
5    mail bin in 2008, 2009, and 2010.  Randolph Buresh and Sandi Moore, the persons primarily
6    responsible for ensuring distribution of the AFNs, confirm these AFNs were distributed.
7    Defendants also provide a copy of the AFNs that were mailed out every year, as well as a list of
8    the names and addresses used to effectuate the mailing.
9           In addition, Defendants provide invoices from each year showing the printing and
10   postage costs for the AFNs.  Finally, with respect to the 2010 AFN, the Defendants provide copies
11   of the actual envelopes used to distribute the AFNs, complete with the addresses of the parties.
12   The AFNs that were returned for having an improper address include a postage stamp from the
13   U.S. Postal Service, which date back to when Defendants claim the 2010 AFNs were mailed out.
14   Just as with the SPD, the Plaintiffs provide no evidence, other than Mr. Cleghorn's statements,
15   that overcome the mailbox rule.  Plaintiffs merely rely on the bare-bones allegation in their
16   complaint.  Accordingly, Plaintiffs AFN claims fail as a matter of law as no reasonable jury could
17   find on their behalf.
18           **3.     Benefit Corp as Plan Administrator**
19           ERISA only requires a plan's administrator to provide SPDs and AFNs to
20   participants and beneficiaries.  The parties dispute whether Benefit Corp is the administrator of the
21   plan at issue here.  However, this issue is irrelevant for purposes of this order.  If Benefit Corp is
22   the plan's administrator, then they are not liable because the Court finds as a matter of law that
23   they have complied with ERISA.  If Benefit Corp is not the plan administrator then they would not
24   be liable under ERISA even if the SPDs and AFNs were not properly and timely distributed.
25   Either way, Benefit Corp's status as the plan's administrator is irrelevant for the disposition of
26   these motions.  Therefore, the Court refuses to address this issue.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Board's Motion to Strike (#172) is GRANTED.

IT IS FURTHER ORDERED that the Board's Motion for Summary Judgment (#155) is GRANTED.

IT IS FURTHER ORDERED that Benefit Corp's Motion for Summary Judgment (#156) is GRANTED.

Dated: October 28, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**