# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RETIRED INDEPENDENT GUARDS ASSOCIATION OF NEVADA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF TRUSTEES, INDEPENDENT GUARDS ASSOCIATION OF NEVADA-WACKENHUT SERVICES INCORPORATED PENSION TRUST FUND, et al., <br><br> Defendants. | Case No.: 2:08-cv-00849-RLH-VCF <br><br> **O R D E R** <br><br> (Motion for Attorney's Fees–#180; Motion for Leave to File Supplement–#194) |

Before the Court is Defendant Benefit Administration Corporation's ("BAC") **Motion for Attorneys' Fees** (#180, filed Nov. 14, 2011). The Court has also considered Plaintiffs' Opposition (#191, filed Dec. 8), and BAC's Reply (#193, filed Dec. 21).

Also before the Court is BAC's **Motion for Leave to File Supplemental Motion for Attorneys' Fees** (#194, filed Feb. 7, 2012). Plaintiffs did not respond to this motion.

## BACKGROUND

The Court points the reader to its prior Orders (##43, 97, and 177), for a detailed factual and procedural background of this case. Since those orders, the Court granted summary

1

AO 72
(Rev. 8/82)

judgment for BAC on all remaining claims against it.  (#177, Order.)  The Court granted summary judgment largely because Plaintiffs failed to provide any relevant, material evidence supporting their complaint.  Now before the Court is BAC's motion for attorneys' fees.  For the reasons discussed below, the Court grants the motion in part and denies it in part.

**DISCUSSION**

**I.      Motion for Leave to File Supplement**

The Court grants BAC's unopposed motion and will review the supplement in ruling on BAC's motion for fees.

**II.     Motion for Fees under 28 U.S.C. § 1927**

**A.      Standard**

When a party's counsel "multiplies the proceedings in any case unreasonably and vexatiously," the Court may require that counsel "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also Thomas v. Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010).  "A court can award § 1927 sanctions only upon a finding of bad faith, which is present when an attorney acts with knowing recklessness or argues a meritorious claim for the purpose of harassing the opposition."  *Mirch v. Frank*, 266 Fed. Appx. 586, 588 (9th Cir. 2008) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002)).  Thus, a district court appropriately awards fees under § 1927 when the opposing attorney multiplies the proceedings by knowingly or recklessly making frivolous arguments.  *Maui Police Dep't*, 276 F.3d at 1107.

**B.      Analysis**

BAC initially requested $199,975.50 in attorneys' fees.  Subsequently, BAC supplemented this request with further billings and now requests $219,556.00 in fees based on its latest billing records.

The Court finds that Plaintiffs' counsel acted in bad faith as against BAC.  Plaintiffs asserted their claims against BAC without any factual or legal authority to support their

allegation that BAC was a plan administrator and liable as such. (*See*, Dkt. #177, Order.) Further, BAC repeatedly misrepresented the Court's prior rulings in its opposition to this motion claiming to the Court that the Court had found that BAC was an administrator. The Court never determined that BAC was an administrator, and actually never reached the question as BAC failed to present any relevant, admissible evidence in its response to BAC's motion for summary judgement, (*see*, Dkt. #177, Order). Rather, the Court merely held that Plaintiffs adequately alleged that BAC was a plan administrator. (Dkt. #124.) Plaintiffs then did no discovery to actually support their position that BAC was a plan administrator and never provided any evidence that BAC was an administrator.

Rather than detail the various things that Plaintiffs' Counsel did to needlessly and vexatiously multiply the proceedings of this case in bad faith, the Court directs the reader to BAC's motion (Dkt. #180, 9:15-12:6), in which BAC details some of Counsel's conduct, and BAC's "Chart Reflecting Plaintiffs' False Assertions in Their Opposition to BAC's Motion for Attorney Fees" (Dkt. #193, Reply Ex. A). The chart provides a primer showing some of Counsel's most recent bad faith conduct such as blatant misrepresentations of the evidence and the Court's prior rulings in Counsel's response to this motion for fees. Further, the Court notes that Counsel's argument in response to this motion was frequently unclear and utterly confusing. Two separate paragraphs ended with an unfinished sentence (meaning just a few words and no terminating punctuation) including the final paragraph before Plaintiffs' conclusion. Other sentences and paragraphs simply made no sense. This left Counsel's reasoning and argument largely unclear beyond the simple conclusions: "We didn't act in bad faith" and "BAC is wrong!" This is the type of unnecessary litigation conduct that § 1927 was meant to address and, hopefully, prevent.

Regardless of Counsel's bad faith and vexatious conduct, the Court finds that it would be excessive to make Counsel pay the entirety of BAC's requested fees. Rather, the Court finds that $50,000.00 is sufficient (and yet in some ways generous to Plaintiffs' Counsel) to sanction and deter such conduct.

**III.     Motion for Fees under ERISA § 502(g)**

District Courts have broad discretion under Section 502(g)(1) of the Employee Retirement Income Security Act of 1974 to award reasonable attorneys' fees and costs to a defendant where the defendants achieves "'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, — U.S. —, 130 S. Ct. 2149, 2152, 2158 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).  If a party has achieved some degree of success on the merits, the Ninth Circuit requires consideration of five factors: (1) the degree of the opposing parties culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties's positions. *Hummel v. S. E. Rykogg & Co.*, 634 F.2d 446 (9th Cir. 1980).

After review of these factors, the Court finds that the majority of factors weigh in favor of an award of attorneys fees.  Nonetheless, the Court declines to award attorneys under § 502(g)(1) for various reasons.  Principally, the Court finds that the award under § 1927 is sufficient and covers the culpability and bad faith shown by Plaintiffs and the deterrence factor.  Also, the Court finds that it is unlikely that Plaintiffs could satisfy the award of fees.  Thus, the Court denies fees under § 502(g)(1).

/
/
/
/
/
/
/

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that BAC's Motion for Attorneys' Fees (#180) is GRANTED in part and DENIED in part as follows:

- Plaintiffs' Counsel is ordered to pay attorneys' fees in the amount of $50,000.00. This sum may not come from the Plaintiffs themselves.
- The motion is denied as to BAC's request that plaintiffs pay any attorneys' fees under ERISA § 502(g)(1).

IT IS FURTHER ORDERED that BAC's Motion for Leave to File Supplement (#194) is GRANTED.

Dated: March 29, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**