UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RETIRED INDEPENDENT GUARDS ASSOCIATION OF NEVADA, et al.,<br><br>             Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES, INDEPENDENT GUARDS ASSOCIATION OF NEVADA-WACKENHUT SERVICES INCORPORATED PENSION TRUST FUND, et al.,<br><br>             Defendants. | Case No.: 2:08-cv-00849-RLH-VCF<br><br>**O R D E R**<br><br>(Motion for Reconsideration–#196) |

Before the Court is Plaintiff Retired Independent Guards Association of Nevada's ("RIGAN") **Motion for Reconsideration** (#196, filed Apr. 12, 2012). The Court has also considered Defendants Benefit Administration Corporation's ("BAC") Opposition (#197, filed Apr. 30), and RIGAN's Reply (#198, filed May 10).

**DISCUSSION**

**I.   Standard**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). RIGAN brings its motion under

Rule 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**II.     Analysis**

RIGAN fails to actually present any valid reason why the Court should revisit its prior order or any facts or law that support reversing its decision. Rather, RIGAN simply throws out multiple red herrings and argues irrelevant matters in a confusing and discombobulating manner. The Court has a hard time even understanding what RIGAN's Counsels' point is regarding certain arguments. Further, RIGAN's Counsel continue to misconstrue the Court's order, (Dkt. #124, June 23, 2010), denying BAC's motion to dismiss in part and granting it in part. Counsel continues to argue that the Court made *factual findings* in that order. It did not. Rather,

the Court merely found that RIGAN had made sufficient *allegations*. Thus, a later ruling granting summary judgment is not contrary to the order on the motion to dismiss as Counsel argues.[1]  As RIGAN has presented no evidence (and barely any rational argument) that the Court's prior order was clearly erroneous, was manifestly unjust, or that there has been an intervening change of the law or new evidence discovered, the Court denies RIGAN's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that RIGAN's Motion for Reconsideration (#196) is DENIED.

Dated: May 24, 2012.

_____
ROGER L. HUNT
**United States District Judge**

---

[1] After reading the RIGAN's Counsels' arguments (multiple times), the Court truly wonders whether Counsel even understands the motion to dismiss and summary judgment standards.